UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:03-cr-0064-01 (M/F) |
| | ) | |
| JAMES CUSHENBERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on May 17, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on May 2, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on September 2, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Cushenberry appeared in person with his appointed counsel, Juval Scott, Office of the Indiana Federal Community Defender. The government appeared by Brad Shepard, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1), *Federal Rules of Criminal Procedure*, and Title 18 U.S.C. § 3583:

1. That Juval Scott, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Cushenberry in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Cushenberry and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Cushenberry was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Cushenberry was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Cushenberry was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Cushenberry had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation. Mr. Cushenberry executed a written waiver of the preliminary hearing, which was accepted by the Court.

7. Ms. Scott stated that Mr. Cushenberry would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition.

8. Mr. Cushenberry, by counsel, stipulated that he committed specification of violation set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on May 2, 2011 as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall reside for a period of four months at a community corrections center as directed by the probation officer and shall observe the rules of that facility."** |
| | On April 28, 2011, the offender failed to return to the Volunteers of America (VOA), a community corrections center, after his work shift. His current whereabouts is unknown. |

The parties stipulated the following in open Court:

(1) Mr. Cushenberry and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

(2) Mr. Cushenberry admitted he committed the violation of specification set forth in the Petition to Revoke Supervised Release stated above.

(3) Mr. Cushenberry has a relevant criminal history category of VI. *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Cushenberry constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Cushenberry is 364 days.

(6) The parties did not agree on the appropriate disposition of this case.

9. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, James Cushenberry, violated the above-delineated condition in the Petition filed May 2, 2011.

Mr. Cushenberry's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 4 months, with no supervised release to follow. The service of the sentence shall begin immediately. The Magistrate Judge recommends Mr. Cushenberry be designated to the Federal Medical Center at Lexington, Kentucky.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Cushenberry's supervised release and imposing a sentence of imprisonment of 4 months in the custody of the Attorney General. It is recommended that Mr.

Cushenberry be designated to the Federal Medical Center at Lexington, Kentucky. Further, that upon Mr. Cushenberry's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED** this 6th day of September, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brad Shepard,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Juval Scott,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal